WELCH, Plaintiff and Respondent, v. NEISIUS, d/b/a C & H TRANSFER COMPANY, Defendant and Appellant: WISCONSIN FARMCO SERVICE CO-OP., Defendant.

*June 7—June 30, 1967.*

684

For the appellant there was a brief by *Cameron, Shervey & Weisel* of Rice Lake, and oral argument by *Robert O. Weisel.*

For the respondent there was a brief by *Hughes, Anderson, Davis & Witkin,* attorneys, and *B. R. Fredrickson* of counsel, all of Superior, and oral argument by *Mr. Fredrickson.*

BEILFUSS, J.   The two principal issues are:

1. Did the court err in instructing the jury as to the doctrine of *res ipsa loquitur?*

2. Was the plaintiff negligent as a matter of law in the manner in which he attempted to enter the trailer?

In our earlier cases this court consistently held that three elements must be established to invoke the doctrine of *res ipsa loquitur:* (1) The accident must be the kind which ordinarily does not occur in the absence of someone's negligence; (2) it must have been caused by an

agency or instrumentality within the exclusive control of the defendant; and (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff.[1]

In 1963, in *Turk v. H. C. Prange Co.* (1963), 18 Wis. (2d) 547, 558, 559, 119 N. W. (2d) 365, this court held, that because of our comparative-negligence statute, sec. 331.045, Stats. (renumbered 895.045), failure to prove the third element, freedom from contributory negligence, is not an absolute bar to the application of the *res ipsa loquitur* doctrine. Therefore, if the first two elements appear, the plaintiff was entitled to an instruction on *res ipsa loquitur*.

In light of common experience, the court can fairly say that fertilizer bags such as those described in the evidence do not ordinarily fall from the stationary trailers in the absence of negligence on the part of someone. We conclude the first element of the doctrine of *res ipsa loquitur* appears satisfactorily from the evidence.

The second element, exclusive control in the defendant, was also found present by the trial court:

"This leaves us only element number two, exclusive control. Defendant delivered the load of fertilizer to the farm, and nothing had been done by anyone except defendant's employee up to the time the accident happened, so it doesn't seem that control had been turned over to anyone."

The case at bar resembles an earlier case, *Peschel v. Klug* (1920), 170 Wis. 519, 175 N. W. 805, on its facts. In *Peschel* the defendants piled three timbers, each weighing about 1,600 pounds, in an alley. The top timber

---

[1] *Ryan v. Zweck-Wollenberg Co.* (1954), 266 Wis. 630, 64 N. W. (2d) 226; *Colla v. Mandella* (1955), 271 Wis. 145, 72 N. W. (2d) 755; *Arledge v. Scherer Freight Lines, Inc.* (1955), 269 Wis. 142, 68 N. W. (2d) 821; Prosser, Law of Torts (2d ed.), p. 201, sec. 42; 39 Marquette Law Review (1956), 361; Anno. 66 A. L. R. (2d) 507.

fell from the pile, injuring the plaintiff while working in the alley. There was no evidence as to exactly what caused the injury, although there was some disputed evidence that the plaintiff bumped the timbers with a heavily loaded hand truck. The trial court directed the verdict for defendants. This court reversed, holding that there was enough evidence to allow a jury to infer that the timbers had been stacked in an improper and negligent manner. In so holding the court stated, at page 522:

"It is a principle quite well established that where a machine or appliance, under the management of defendant, inflicts an injury by reason of an abnormal and unexpected movement which could not have taken place had there been proper care exercised in its management or supervision, the very fact of the abnormal action, in the absence of satisfactory explanation, affords evidence of lack of such care."

The court went on to deny the defendant's claim that the testimony of plaintiff bumping the timber precluded application of the *res ipsa* doctrine, page 522:

"It will not do to say that, because three witnesses testified that the front wheels and handle of the truck swung around and struck the timbers, the fall of the top timber is satisfactorily explained and the principle of *res ipsa loquitur* does not apply. In the first place, the plaintiff and his helper testify directly that the truck did not touch the timbers before the fall of the top timber, and we cannot say that this testimony is incredible or so at variance with undisputed physical facts as to leave no jury question. In the second place, if it be conceded that the wheel or handle of the truck did strike the timbers, the questions whether some such an occurrence ought reasonably to have been anticipated by the defendants, and, if so, whether in view of such anticipation the piling was insecurely done, would still remain. It is an undisputed fact that the timbers were large and heavy timbers weighing from 1,600 to 1,800 pounds each, and it is mere matter of common knowledge that it would take a blow of great force to make the top one fall if

they were piled level and on a secure foundation. It is plainly a jury question in this case whether the blow alleged to have resulted from the slewing of the truck would have been sufficient to cause the timber to fall had the piling been properly done."

In the instant case the fertilizer bags were under exclusive control of the defendant immediately prior to the accident. Some bags fell, injuring the plaintiff. There is some evidence that the plaintiff may have contributed to causing the accident by touching or pulling the bags upon himself, and the defendant asserts that this would remove the application of *res ipsa loquitur*. Under *Peschel* the *res ipsa* doctrine does apply to this case, and it was up to the jury to decide whether the plaintiff's touching the fertilizer bags, if he did touch them, contributed to causing the accident. The jury decided against the defendant.

The defendant contends that the plaintiff's employer had a right to control the load of fertilizer when it was delivered to the premises and that such right of control is an important factor in the application of the doctrine of *res ipsa loquitur*, and cites *Goebel v. General Building Service Co.* (1965), 26 Wis. (2d) 129, 131 N. W. (2d) 852, as authority for this position. The *Goebel Case* does state that the right to exclusive control is an important factor. This must be read to mean it is an important factor in determining whether the defendant, at the times material, did, in fact, exercise exclusive control.

The record is not clear as to whether it was the obligation of the defendant trucker or the purchaser, Lapcinski, to unload the truck, therefore we cannot conclude that the right to exclusive control passed to Lapcinski or that there was joint control. Even if Lapcinski did have a right to exclusive control it is clear that neither Lapcinski nor any of his employees had in fact exercised any control over the load of fertilizer at the time of the accident. The only employee of Lapcinski's who conceiv-

ably could have exercised any control was Welch and he had not even entered the trailer at the time of the accident. It cannot fairly be said that Lapcinski or his employee had exercised any control over the load of fertilizer at the time of the accident; the exclusive control of the instrumentality which caused the accident was still with the defendant.

We conclude that the plaintiff was entitled to a jury instruction on *res ipsa loquitur* and that under the evidence in the record the jury could infer that the defendant was negligent in the manner in which the fertilizer bags were loaded.

The defendant contends that Welch was negligent as a matter of law as to lookout and in pulling one of the bags. As to both of these issues of negligence we are of the opinion that they were issues of fact for the jury and that there is sufficient credible evidence to sustain the jury's finding of no negligence on the part of the plaintiff.

Welch testified that he looked into the trailer when Williams opened the door (there are no windows in the trailer), and that the bags appeared to be loaded in a normal manner. He further testified that he did not look when he was about to jump into the trailer. In view of the fact that he had no warning of any unusual situation or condition, we believe the question as to sufficiency of his lookout was for the jury.

The evidence is not conclusive as to whether he even touched one of the fertilizer bags, and certainly it is not conclusive that he pulled one out of the stack or bump. The bags did not have handles, and each one weighed 80 pounds. If he did touch or pull on a bag it was about in the middle of the bump with three or four bags on top of it. If the bump was properly loaded it would take considerable force to dislodge the center bag. The jury could well, within their province, find that Welch was not negligent in pulling one of the bags of fertilizer.

*By the Court.*—Judgment affirmed.