KNIEF, Appellant, v. SARGENT, Respondent.

*No. 121. Argued September 3, 1968.—Decided October 1, 1968.*
(Also reported in 161 N. W. 2d 232.)

For the appellant there was a brief by *Pfannerstill, Camp & Tyson* of Wauwatosa, and oral argument by *Mark Camp.*

For the respondent there was a brief by *Wickham, Borgelt, Skogstad & Powell,* attorneys, and *Edmund W. Powell* of counsel, all of Milwaukee, and oral argument by *Edmund W. Powell.*

HALLOWS, C. J. Basically only one question is raised on this appeal, *i.e.,* whether the trial court erred in refusing to give an instruction on *res ipsa loquitur.* Plaintiff requested the instruction based upon *Fehrman v. Smirl* (1963), 20 Wis. 2d 1, 121 N. W. 2d 255, 122 N. W. 2d 439, and *Fehrman v. Smirl* (1964), 25 Wis. 2d 645, 131 N. W. 2d 314, and contends his facts come squarely within those cases. The question involves not the form

of the instruction but its availability in view of the direct proof of negligence in the record.

It is now five years since this court held an instruction on *res ipsa loquitur* could be given in a malpractice case when a layman could determine either as a matter of common knowledge or with the aid of expert medical testimony that the consequence of medical treatment was not that which ordinarily results if due care is exercised. *Fehrman v. Smirl* (1963), *supra*.

In *Beaudoin v. Watertown Memorial Hospital* (1966), 32 Wis. 2d 132, 138, 145 N. W. 2d 166, we held it was a matter of common knowledge that ". . . blisters in the nature of second-degree burns in an area not directly related to the operative procedures do not ordinarily result if due care is exercised." Consequently, the proof offered by the plaintiff was sufficient to evoke the doctrine of *res ipsa loquitur*. The significance of *Fehrman* is its holding that the doctrine of *res ipsa loquitur* may be applied to malpractice cases where expert medical testimony establishes the injury or the disease is of a kind which does not ordinarily occur if the doctor exercises due care. In *McManus v. Donlin* (1964), 23 Wis. 2d 289, 127 N. W. 2d 22, we refused to extend this doctrine so as to incorporate the so-called "rarity" test in malpractice cases as a basis for allowing a jury to infer negligence. *See also Shurpit v. Brah* (1966), 30 Wis. 2d 388, 141 N. W. 2d 266. The doctrine of *res ipsa loquitur* is applicable to the circumstantial evidence of a result and in this state allows a permissible inference of negligence to be drawn by the jury from the result. In its application one's reasoning does not proceed from cause to effect but from the effect to the cause. *Turk v. H. C. Prange Co.* (1963), 18 Wis. 2d 547, 119 N. W. 2d 365.

The instant case is not one involving expert medical testimony which establishes the basis for the doctrine of *res ipsa loquitur*. There is no medical testimony that the

result of the defendant's treatment would ordinarily not have happened except for his negligence. The evidence is directed to specific acts of negligence in the choice of the treatment and surgical procedures. When there is evidence of negligence substantial enough to sustain a verdict, the doctrine is inapplicable to those particular facts or theory of negligence and the giving of the instruction is considered superfluous or redundant. *Fehrman v. Smirl* (1964), *supra; Carson v. Beloit* (1966), 32 Wis. 2d 282, 145 N. W. 2d 112, and would constitute error.

To determine if the doctrine of *res ipsa loquitur* was applicable and the plaintiff entitled to an instruction thereon requires a brief resumé of the evidence. The plaintiff suffered from a kidney stone in the lower portion of his left ureter which is a tube-like connection between the kidney and the bladder. The stone blocked this passageway and prevented the functioning of the left kidney by stopping the passage of urine to the bladder.

From several diagnoses during the month of November, 1960, the defendant knew the stone was moving down the urinary tract. During this time the plaintiff was in severe pain and requiring large doses of narcotics. On November 19th the defendant attempted to remove the stone by a transurethral manipulation, a procedure by which a catheter is passed through the bladder into the ureter. This attempt to remove the stone was unsuccessful.

On November 22d it was determined the stone had moved another half inch toward the bladder and the defendant decided to perform another transurethral manipulation and to operate if the manipulation was unsuccessful. On the following day the defendant attempted the transurethral manipulation, which was unsuccessful. The defendant then operated to remove the

stone by making an incision in the stomach. It is the decision to perform this type of operation which is alleged as the first ground of specific negligence.

Not only surgical skill but a diagnosis may be the subject matter of negligence. In *Carson v. Beloit, supra,* we said (p. 291), in respect to "diagnosis," "While a doctor does not guarantee or insure the correctness of his diagnosis he must use the proper degree of skill and care in making the diagnosis and if through the failure to use the proper degree of skill and care the diagnosis is an erroneous one, the doctor is negligent."

The defendant performed the operation by opening the bladder but he could not reach the stone by this method so he made an incision in the ureter above the stone. He was unsuccessful in his attempt to withdraw the stone through this opening. He made an incision in the ureter as close to the stone as he could but again was unable to get the stone. Finally he removed the stone by forcing it through the wall of the ureter. After the stone was removed, he attempted to intubate or splint the ureter, that is, to insert a catheter in the ureter so that the catheter would perform the function of the ureter while it healed. This he was unable to accomplish and in lieu thereof he placed drains in the operative area and brought them through the abdominal wall to the outside of the body.

The plaintiff claims as the second ground of negligence that the ureter should have been intubated and not drained in the manner in which it was. He attempted to show by evidence the operation was unnecessary because of the movement and size of the stone and therefore a permissive inference could be drawn by the jury that the stone would ultimately be passed spontaneously by the plaintiff. Expert medical testimony adduced by the plaintiff was to the effect the defendant failed to exercise the requisite care and skill in deciding to per-

form the open surgery to remove the stone when conservative procedures were indicated. There was also medical testimony tending to show the defendant violated the standard of medical care when he failed to intubate the ureteral tract.

In opposition to this testimony the defendant called an expert medical witness who testified he found no error in the procedures used by the defendant. The defendant testified he considered open surgery necessary for the removal of the stone after other methods failed and that he did not intubate the ureter because of the length of time his patient had then been under anesthesia and the intubation was not surgically important.

The trial court thought this conflicting evidence was sufficient to raise a jury question. We agree. While the introduction of some evidence which tends to show specific acts of negligence on the part of the defendant but does not purport to furnish a complete and full explanation of the occurrence does not deprive the plaintiff of the benefit of *res ipsa loquitur;* here, there is more than some evidence. There is direct evidence of specific acts of negligence complained of which furnish a complete and full explanation of what caused the injury to the plaintiff. Either the acts of the defendant were negligent or they were not. There were no other probable causes. This evidence was sufficient to make a prima facie case and support a verdict. We think the plaintiff proved too much by direct evidence of negligence to be entitled to the *res ipsa loquitur* instruction. He did not need the instruction to make his prima facie case. *See Shurpit v. Brah, supra;* and *Puls v. St. Vincent Hospital* (1967), 36 Wis. 2d 679, 154 N. W. 2d 308.

*By the Court.*—Judgment affirmed.