UNIVERSITY DODGE, INC., and another, Appellants, v. DROTT TRACTOR COMPANY, INC., Respondent.

*No. 89. Argued June 5, 1972.—Decided June 30, 1972.*
(Also reported in 198 N. W. 2d 621.)

For the appellants there was a brief and oral argument by *Robert F. Kirst* of Milwaukee.

For the respondent there was a brief by *Cook & Franke, S. C.*, attorneys, and *Robert E. Cook* of counsel, all of Milwaukee, and oral argument by *Robert E. Cook*.

HANLEY, J.  Three issues are presented on this appeal:

(1) Are the findings of the trial court that respondent was not negligent supported by the record;

(2) Can the doctrine of *res ipsa loquitur* be applied to predicate liability on the part of the respondent; and

(3) Was the act of the unknown third person in starting the bulldozer in motion merely an intervening cause rather than a superseding cause?

### Negligence.

Appellants contend that the record in this case shows respondent was negligent in the placement, maintenance and security of the bulldozer and that the trial court's finding of no negligence is not supported by the evidence.

Furthermore, appellants assert that the trial court abdicated its responsibility to find facts and make conclusions of law, pointing to certain remarks of the trial court which indicate a recognition that the losing party intended to appeal the case to this court. Such recognition does not reveal that the trial court failed to give adequate consideration to this case. The facts were stipulated, and they support the trial court's conclusions of law.

In Wisconsin, foreseeability of harm is an essential element of negligence. As stated in *Meihost v. Meihost* (1966), 29 Wis. 2d 537, 545, 546, 139 N. W. 2d 116:

"In Wisconsin 'harm must be reasonably foreseen as probable by a person of ordinary prudence under the circumstances, if conduct resulting in such harm is to constitute negligence.' Accordingly, respondent was guilty of common-law negligence if harm, not necessarily the particular harm that actually occurred, could have been reasonably foreseen as probable by a person of ordinary prudence under like circumstances. The mere possibility of harm is insufficient to establish negligence. . . ."

The trial court found that respondent was not negligent, and its findings will not be upset on appeal unless they are contrary to the great weight and clear preponderance of the evidence. *Mitchell v. Western Casualty & Surety Co.* (1966), 30 Wis. 2d 419, 421, 141 N. W. 2d 212.

In the instant case, respondent could have foreseen that someone would trespass across its land, since both children and adults frequently cut across its property, using it as a "shortcut" to go from Wisconsin Avenue to Michigan Street, to the south. Further, respondent could have foreseen that some adventurous person might climb up on its machinery located on the open lot. Finally, respondent could have foreseen that the tractor, if set

in motion, could cause extensive damage. However, we think, the facts in this case indicate that respondent could not reasonably have foreseen that a casual trespasser could have started the bulldozer.

The stipulated facts reveal that in order to start the tractor in motion the battery first had to be engaged. The battery engagement device was concealed under the armrest to the right of the driver's seat; and the cover of the armrest was secured by a bolt. To engage the battery, therefore, it was necessary to unscrew the bolt, lift the armrest cover, and raise and turn the spring-loaded contact device concealed inside the armrest. After the battery was engaged, the next step was to either push or pull the air fuel engagement lever located on the dashboard. A throttle lever on the dashboard also had to be removed and the starter button pushed. To set the bulldozer in motion after the engine was started, it was necessary to disengage the clutch, which was accomplished by moving a lever mounted on the floor of the tractor and put the tractor in gear. There were two forward gears and one reverse gear in this tractor; and, since the blade of the tractor was resting on the ground, it could not be operated in a forward direction. After the shift lever was in the proper position, the clutch lever would have had to be moved to engage the gears. There were no instructions anywhere on the unit explaining how to start the engine or to engage the gears. The tractor was approximately nine and one-half feet wide and 15 feet long and weighed about 33 tons.

Given the complicated procedure involved in starting the tractor and setting it in motion, we think the respondent could not reasonably have foreseen that someone trespassing on its property would have the expertise required to start the vehicle on a path of destruction. Since the risk of such act was unforeseeable, as the trial court apparently concluded, respondent cannot be said to have been negligent.

*Res ipsa loquitur.*

Also, appellants contend that the doctrine of *res ipsa loquitur* is applicable to this case so as to predicate liability on the part of the respondent. This contention fails for several reasons.

First, the doctrine of *res ipsa loquitur* is merely an evidentiary rule and does not create any new or different type of rights. *Koenig v. Milwaukee Blood Center, Inc.* (1964), 23 Wis. 2d 324, 332, 127 N. W. 2d 50. The application of the doctrine gives rise to a permissible inference of negligence which the finder of fact is free to accept or reject. *Utica Mut. Ins. Co. v. Ripon Cooperative* (1971), 50 Wis. 2d 431, 436, 184 N. W. 2d 65. If the inference is rejected, "that is the end of the matter." *Weggeman v. Seven-Up Bottling Co.* (1958), 5 Wis. 2d 503, 509, 93 N. W. 2d 467, 94 N. W. 2d 645. Therefore, since the trial court refused to draw the inference, the doctrine should not be applied in the instant case.

Secondly, the doctrine of *res ipsa loquitur* cannot be applied in a case in which the cause of the accident has been clearly established. *Utica Mut. Ins. Co. v. Ripon Cooperative, supra,* at page 439; 65A C. J. S., *Negligence,* p. 548, sec. 220.8. The stipulated facts in this case clearly establish the cause of appellants' damages. Therefore, the doctrine of *res ipsa loquitur* is not applicable.

Since we conclude that the respondent was not negligent, we do not reach the merits of the remaining issue.

*By the Court.*—Judgment affirmed.