# 2023 WI APP 58

## COURT OF APPEALS OF WISCONSIN
## PUBLISHED OPINION

Case No.:          2022AP1154

Complete Title of Case:

STEVEN REMBALSKI,

PLAINTIFF-APPELLANT,

GOVERNMENT EMPLOYEES HEALTH ASSOCIATION,

INVOLUNTARY-PLAINTIFF,

V.

JOHN PLEWA, INC. AND PEKIN INSURANCE COMPANY,

DEFENDANTS-RESPONDENTS.

| | |
|---|---|
| Opinion Filed: | October 24, 2023 |
| Submitted on Briefs: | January 13, 2023 |
| Oral Argument: | |

| | |
|---|---|
| JUDGES: | White, C.J., Donald, P.J., and Dugan, J. |
| Concurred: | |
| Dissented: | |

| | |
|---|---|
| Appellant ATTORNEYS: | On behalf of the plaintiff-appellant, the cause was submitted on the brief of *James J. Gende, Gende Law Office,* Pewaukee. |
| Respondent ATTORNEYS: | On behalf of the defendants-respondent, the cause was submitted on the brief of *Monte E. Weiss, Weiss Law Office, S.C., Mequon.* |

**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**October 24, 2023**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP1154**

STATE OF WISCONSIN

Cir. Ct. No. **2020CV5554**

**IN COURT OF APPEALS**

---

STEVEN REMBALSKI,

PLAINTIFF-APPELLANT,

GOVERNMENT EMPLOYEES HEALTH ASSOCIATION,

INVOLUNTARY-PLAINTIFF,

V.

JOHN PLEWA, INC. AND PEKIN INSURANCE COMPANY,

DEFENDANTS-RESPONDENTS.

---

APPEAL from a judgment of the circuit court for Milwaukee County: LAURA GRAMLING PEREZ, Judge. *Affirmed*.

Before White, C.J., Donald, P.J., and Dugan, J.

¶1 WHITE, J. Steven Rembalski appeals the judgment that dismissed his negligence claim against John Plewa, Inc. and Pekin Insurance Company (Plewa). Rembalski argues that the circuit court erred when it concluded that the doctrine of res ipsa loquitor would not apply to establish Plewa's negligence in his home improvement work at Rembalski's home. Upon review, we affirm.

## BACKGROUND

¶2 We recite the following facts from the circuit court's findings of fact and conclusions of law that ultimately dismissed this action in May 2022. In June 2019, Rembalski entered into a contractual agreement with Plewa to remodel the kitchen and living room of Rembalski's home. The agreement called for a $20,000 total cost, with Rembalski making a $10,000 payment in June 2019, prior to the commencement of the work.

¶3 As part of the project, a kitchen cabinet needed to be moved to make room for a dishwasher. The location where the cabinet was to be moved had an existing electrical outlet on the wall. Larry Pappalardo, an employee of the cabinetry subcontractor, unscrewed the outlet from the wall, secured it with electrical tape, and cut a hole in the cabinet to accommodate the outlet. The subcontractor left the outlet in a construction-safe condition until an electrician could finalize the outlet.

¶4 Rembalski and Plewa then had a disagreement about the outstanding remodeling work and Rembalski indicated he would not pay the agreed-upon price. Plewa did not return to the property to complete the remaining remodeling work, which would have included arranging an electrician for the outlet, over the payment dispute.[1]

---

[1] A separate civil action for the contract dispute is not before this court in this appeal.

¶5    Rembalski did not have an electrician secure the outlet. Rembalski and family members continued to use the cabinet and then plugged a handheld vacuum battery charger into the unsecured outlet. There were other finished, secure outlets in the kitchen.

¶6    In March 2020, Rembalski suffered an electrical shock when he attempted to unplug the battery charger from the unsecured outlet. Rembalski went to the emergency room by ambulance, where he exhibited numbness and tingling on his right hand. He then participated in occupational and physical therapy later in 2020 and incurred medical bills for treatment of the shock. Rembalski's pain and swelling in his right hand is likely permanent.

¶7    Rembalski filed a civil action alleging one count of negligence in September 2020. A trial to the court was held on January 19, 2022. The parties submitted post-trial briefing and proposed findings of fact and conclusions of law. In May 2022, the circuit court entered a written judgment that detailed its findings of fact, conclusions of law, and its ultimate dismissal of Rembalski's action.

¶8    Rembalski appeals. We discuss additional details below.

## DISCUSSION

¶9    Rembalski argues that the circuit court erroneously ruled that the doctrine of res ipsa loquitor did not apply to the facts of this case. He asserts that because that erroneous ruling affected his substantial rights, he is entitled to a new trial. Plewa argues that the circuit court properly exercised its discretion when it ruled that Rembalski had not shown that res ipsa loquitor should apply. Further, Plewa contends that Rembalski's claim was properly dismissed for failing to prove a negligence claim. We conclude that res ipsa loquitor does not apply and that Rembalski has not proven the elements of a negligence claim.

¶10    "Res ipsa loquitur is a rule of circumstantial evidence that permits a fact-finder to infer a defendant's negligence from the mere occurrence of the event." *Lambrecht v. Estate of Kaczmarczyk*, 2001 WI 25, ¶33, 241 Wis. 2d 804, 623 N.W.2d 751. "In making evidentiary rulings, the circuit court has broad discretion." *Martindale v. Ripp*, 2001 WI 113, ¶28, 246 Wis. 2d 67, 629 N.W.2d 698.   A circuit court's discretionary determination "will be upheld on appeal if it is a reasonable conclusion, based upon a consideration of the appropriate law and facts of record" and reasonable inferences from those facts.  *Peplinski v. Fobe's Roofing, Inc.*, 193 Wis. 2d 6, 20, 531 N.W.2d 597 (1995).  "We will not find an erroneous exercise of discretion if there is a rational basis for a circuit court's decision." *Martindale*, 246 Wis. 2d 67, ¶29.

¶11    Rembalski contends that the circuit court erred when it did not provide analysis for its decision that res ipsa loquitor did not apply.[2]  The court's decision is brief and it does not set forth reasons why it did not consider the doctrine to apply.  However, that does not end our inquiry.   "If the circuit court fails to provide reasoning for its evidentiary decision, this court independently reviews the record to determine whether the circuit court properly exercised its discretion." *Id.*   Therefore, we must consider the applicability of the res ipsa loquitor doctrine in light of the record, which includes the circuit court's detailed fact finding.

¶12    Two conditions must be present in order for the res ipsa doctrine to be applicable: "(1) the event in question must be of a kind which does not ordinarily occur in the absence of negligence; and (2) the agency of instrumentality causing the harm must

---

[2] Although often discussed as a jury instruction, the circuit court may apply the res ipsa loquitor inference in its role as fact-finder.  The circuit court's decision whether the doctrine is applicable during a court trial "is undertaking essentially the same analysis that it would undertake at trial to decide whether" this jury instruction could be offered. *See Palisades Collection LLC v. Kalal*, 2010 WI App 38, ¶13, 324 Wis. 2d 180, 781 N.W.2d 503.  It is generally from the evidence adduced at trial that the circuit court determines whether a res ipsa loquitur inference may be applicable. *See Lambrecht v. Estate of Kaczmarczyk*, 2001 WI 25, ¶3, 241 Wis. 2d 804, 623 N.W.2d 751.

have been within exclusive control of the defendant." **Lambrecht**, 241 Wis. 2d 804, ¶34. Plewa argues that the circuit court's factual findings show that the court concluded that the doctrine was not applicable.

¶13     The record reflects that the circuit court found that "[t]he outlet was properly secured with electrical tape and left in a construction-safe condition until the electrician could arrive at the Rembalski home to do the electrical work." Second, the court found that after the contract dispute and Plewa's cessation of work on the remodeling project, "Rembalski did not arrange to have another contractor or electrician finish securing the electrical outlet in the cabinet that had been moved." Third, the court found that "Rembalski knew that the unsecured outlet was energized and still needed to be affixed to the cabinet wall." Fourth, the court found that "[o]n March 11, 2020, Rembalski suffered an electric shock as he attempted to unplug the battery charger from the unfinished outlet."

¶14     Although Rembalski's complaint alleged an unknown act of negligence led to his injury, the testimony at trial and the court's fact finding present a different account. In the complaint, Rembalski alleged that "on March 11, 2020, Mr. Rembalski was reaching for an item in a cupboard when he was electrocuted as his hand and/or arm grazed an outlet and/or electrical wiring, which was negligently and/or improperly installed by John Plewa, Inc." In contrast, the court found that Rembalski was attempting to unplug a battery charger from an outlet that was secured by tape and not affixed to the wall. The record reflects that Rembalski testified that he "attempted to secure the back of the outlet" with his right hand while trying to remove the battery charger. As Plewa states, "[t]he fact that someone might get shocked by grabbing an unfinished, energized outlet hanging out of the wall by its wires is not an event that 'does not ordinarily occur in the absence of negligence.'" *See* **Lambrecht**, 241 Wis. 2d 804, ¶26 n.14. Therefore, we conclude that the record supports that the facts adduced at trial do not support a res ipsa loquitor inference of negligence on the first prong or condition of the doctrine.

¶15 Considering the second prong of exclusive control, the record reflects that Plewa last worked on the house several months before the incident. The circuit court found that "Plewa controlled the method, details, and means of performing services, including the use of subcontractors." However, the court also found that "[a]lthough installation of the outlet in the cabinet was not completed, Rembalski, or members of his family, used the cabinet and the outlet by storing several items inside of the cabinet and plugging a Ryobi handheld vacuum battery charger into the unsecured outlet." We conclude that Rembalski failed to prove that Plewa maintained exclusive control over the outlet.

¶16 Plewa argues that this is not a situation where the res ipsa loquitor doctrine is applicable because Rembalski "proved too much" and there are no missing explanations for the events. *See* *Utica Mut. Ins. Co. v. Ripon Coop.*, 50 Wis. 2d 431, 439, 184 N.W.2d 65 (1971) (stating that where "the plaintiff's evidence of negligence in a given case has been so substantial that it provides a full and complete explanation of the event," then "causation is no longer a mystery, and the res ipsa loquitur instruction would be superfluous and erroneous"). The record reflects that Rembalski testified that he had another electrician look at the outlet, the electrician offered to secure the outlet, and Rembalski chose to leave it as is. Rembalski then chose to use the outlet. Further, Rembalski did not attempt to have the electrician testify about construction-safe outlets or Plewa's negligence. We conclude that there is not enough mystery to the cause of Rembalski's shock and injury for the res ipsa loquitor inference to apply.

¶17 Rembalski argues that the circuit court muddled its reasoning by stating that the outlet was both secured with electrical tape, yet unsafe and in need of further electrical installation. Rembalski asserts that he cannot be negligent for touching a safe outlet. He contends that the circuit court's findings are clearly erroneous. In a trial to the court, "[f]indings of fact shall not be set aside unless clearly erroneous[.]" WIS. STAT.

§ 805.17(2) (2021-22).[3] We apply a highly deferential standard of review to a circuit court's findings of fact and will defer to the court's findings unless they are "against the great weight and clear preponderance of the evidence." ***Royster-Clark, Inc. v. Olsen's Mill, Inc.***, 2006 WI 46, ¶12, 290 Wis. 2d 264, 714 N.W.2d 530.

¶18     We return to the record. As discussed above, the circuit court found that the outlet was "properly secured with electrical tape and left in a construction-safe condition" and that Rembalski was aware that the "unsecured outlet was energized and still needed to be affixed to the cabinet wall." When combined with the circuit court's conclusions that Rembalski was negligent for failing to engage an electrician to secure the outlet, for storing household items in the cabinet with the taped outlet, and for using the outlet to plug in the battery charger, we construe the circuit court to find that if Plewa leaving the outlet in a construction-safe condition was negligent, then Rembalski was more negligent than Plewa under these facts. In other words, Rembalski chose to use an outlet with known concerns— that he was shocked is not negligence on the part of Plewa. Our examination of the record supports the court's findings and we conclude there is no reason to set them aside as clearly erroneous. *See* WIS. STAT. § 805.17(2).

¶19     Rembalski asserts that the circuit court did not properly consider an application of the doctrine of res ipsa loquitor. We disagree. The record reflects that the circuit court considered all of the relevant facts to make the determination whether an application was born out by the evidence. The court did not provide a meaningful analysis of why it rejected an application of the doctrine; nonetheless, we construe its fact finding to show that it was rejecting an application of the doctrine. "The application of the doctrine gives rise to a permissible inference of negligence which the finder of fact is free to accept or reject. If the inference is rejected, 'that is the end of the matter.'" ***University Dodge,***

_____

[3] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

*Inc. v. Drott Tractor Co.*, 55 Wis. 2d 396, 401, 198 N.W.2d 621 (1972) (citation omitted). We conclude that the circuit court acted within its discretion when it rejected an application of the doctrine of res ipsa loquitor. The court considered the relevant facts and reached a reasonable conclusion based upon the appropriate standard of law. *See Peplinski*, 193 Wis. 2d at 20.

¶20 Plewa further asserts that without an inference of negligence provided by the res ipsa loquitor doctrine, Rembalski failed to prove that Plewa was negligent. A cause of action for negligence has four elements: "(1) a duty of care on the part of the defendant; (2) a breach of that duty; (3) a causal connection between the conduct and the injury; and (4) an actual loss or damage as a result of the injury." *Transportation Ins. Co. v. Hunzinger Const. Co.*, 179 Wis. 2d 281, 293, 507 N.W.2d 136 (Ct. App. 1993) (citation omitted). Plewa argues that Rembalski's claim fails because he did not present an expert to establish a reasonable standard of care for construction-safe electrical work and to establish that Plewa's actions breached the duty of care.[4] In contrast, Plewa presented two witnesses who addressed this issue. John Plewa and Larry Pappalardo both testified that the outlet was in a construction-safe state when Plewa ceased work on the property. John Plewa testified that construction-safe meant the outlet was "safe" for "contractors, moving this stuff around, doing stuff, that whatever has to be done[.]" We conclude that the record supports the circuit court's findings that Rembalski failed to prove the negligence claim.

¶21 We decline to address Rembalski's argument that the circuit court failed to identify an appropriate sum of damages. Because we are affirming the dismissal of the complaint, there is no reason to address this point. *See Barrows v. American Fam. Ins.*

---

[4] Plewa also argues that Rembalski failed to provide expert testimony in support of his res ipsa loquitor application. It is true that a plaintiff may employ "competent expert testimony which serves in the place of the jurors' common knowledge and gives them a rational basis for concluding that the event does not ordinarily occur unless someone has been negligent." *Utica Mut. Ins. Co. v. Ripon Co-op.*, 50 Wis. 2d 431, 436-37, 184 N.W.2d 65 (1971).

*Co.*, 2014 WI App 11, ¶9, 352 Wis. 2d 436, 842 N.W.2d 508 ("An appellate court need not address every issue raised by the parties when one issue is dispositive.").

## CONCLUSION

¶22    For the reasons stated above, we affirm the circuit court's dismissal of Rembalski's complaint against Plewa.

*By the Court.*—Judgment affirmed.