ZARLING, Respondent, vs. LA SALLE COCA-COLA BOTTLING COMPANY, Appellant.*

*December 5, 1957—January 7, 1958.*

* Motion for rehearing denied, with $25 costs, on February 28, 1958.

598

For the appellant there were briefs by *Quarles, Herriott & Clemons,* attorneys, and *Lawrence C. Hammond* and *William K. McKibbage* of counsel, all of Milwaukee, and oral argument by *Mr. McKibbage.*

For the respondent there was a brief by *Anderson & Murphy* of Milwaukee, and oral argument by *J. Stewart Murphy.*

BROADFOOT, J.    On May 8, 1954, plaintiff was a waitress in a restaurant in Milwaukee. Soft drinks, including bottled Coca-Cola, were sold at the restaurant. All of the Coca-Cola was purchased from the defendant. The route salesman for the defendant testified that he called at the restaurant once each week. He delivered two cases on April 26th, two on May 3d, and two on May 10th, of 1954. He took the cases containing empty bottles from the restaurant and replaced them with other cases containing Coca-Cola. The cases were placed on a shelf under a counter in the restaurant by the route salesman.

During the afternoon of the day in question the plaintiff was replenishing the bottled Coca-Cola in the refrigerator from a case on the shelf. While in a squatting position back of the counter and between the counter and the refrigerator,

she took one bottle of Coca-Cola between the forefinger and middle finger of her right hand and another between the ring finger and the little finger of said hand and started lifting them out of the case when one of the bottles burst and her wrist was cut by a piece of glass from the bottle. The bottle burst at the base of the neck and after the explosion the plaintiff held the top of the bottle with the cap intact in her hand with the greater part of the bottle remaining in the case. The glass severed tendons leading to the fingers of the right hand and surgery was required to fasten the tendons together.

Defendant claims that there is no Wisconsin authority compelling the application of *res ipsa loquitur* to bursting-bottle cases; that other jurisdictions are in conflict as to the use of the doctrine in such cases, and that the application thereof in this state would permit juries to find negligence based on conjecture.

This court has determined that the doctrine of *res ipsa loquitur* applies in certain cases. In *Ryan v. Zweck-Wollenberg Co.* 266 Wis. 630, 639, 64 N. W. (2d) 226, the conditions for the application of the doctrine were adopted as stated in Prosser, Law of Torts (1941 ed.), p. 295, sec. 43, as follows:

" 'The conditions usually stated as necessary for the application of the principle of *res ipsa loquitur* are three: (1) The accident must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff.' "

As applied to bursting-bottle cases there is an annotation on the subject in 4 A. L. R. (2d) 466. From that annotation it appears that in the earlier cases recovery was denied on the ground that the bottle at the time of the injury was not in the exclusive control of the manufacturer. However,

courts gradually began extending the doctrine until now a majority of the courts extend the doctrine or make an exception to the strict language of the condition. Dean Prosser in his Law of Torts (2d ed.), p. 203, sec. 42, indicates that now the great majority of the courts apply the doctrine. In the *Ryan Case* we were dealing with a sealed unit in an electric refrigerator. The refrigerator with the sealed unit therein had passed from the manufacturer to the distributor and then to the purchaser. In that case we considered the application of the condition of control at the time of the injury and there held that the rule in bursting-bottle cases by analogy should be applicable to the sealed unit in the refrigerator.

On the question of control it is the theory of the majority of the courts that the jury may infer that the defendant (usually the bottler) had control of the bottle at the time the negligent act was performed and that it is not necessary that such exclusive control should exist at the time of the accident. The majority of courts also extend or change the third condition mentioned by Prosser to add thereto that the plaintiff produce evidence that the condition of the bottle has not been changed after it left the defendant's possession.

We have carefully reviewed the annotation and the cases cited in 4 A. L. R. (2d) 466. We feel that the logic of the majority rule as there outlined is compelling and therefore we adopt it as the rule in this state.

The defendant argues that even if the doctrine is applicable in Wisconsin the quantum of proof adduced by the plaintiff was insufficient under the majority rule. It is the contention of the defendant that in order to negate negligence on the part of someone other than the defendant it was the duty of the plaintiff in this case to produce as a witness every person who was employed in the restaurant to testify that the bottle which burst was in the same condition at the time of the injury as it was at the time the bottle was delivered and that

it had not been abused or mishandled while in the restaurant. The sufficiency of negation of negligence on the part of someone other than the defendant is a question of fact to be found in each case. Plaintiff has the burden to prove by a preponderance of the evidence that such is a fact. Most of the employees in the restaurant were called as witnesses in the case and each testified that he had not moved or handled the bottles or cases of Coca-Cola except to place some in the refrigerator. One witness, who the testimony shows may have been on duty when the particular case of Coca-Cola involved was on the shelf, was not available as a witness. She was thought to be in Texas but no one knew her exact whereabouts.

To negate every possibility of handling by any person other than the defendant or its salesmen would place an impossible burden on the plaintiff where bottled beverages are located in a business place. It is conceivable that a customer in the restaurant might have reached over the counter and done something to the bottles. However, in this case the record shows that the Coca-Cola was in a place practically inaccessible to customers; that it was moved from the cases to the refrigerator by the waitresses in small quantities, and the evidence was sufficient as shown by the record to present a jury question. The possibility that the case of Coca-Cola, or the particular bottle that burst, was tampered with by some person other than those who testified is so remote that the trial court was correct in determining on the motion for a directed verdict that a jury question was presented.

The defendant further contends that because most of the bottle fragments were available at the time of the trial, the plaintiff was required to show by competent affirmative testimony that such fragments contain evidence of a defect or that the fragments which probably would show such fact are missing. If the plaintiff were able to show by the fragments a defect in the bottle which was subject to discovery by in-

spection at the bottling plant, then there would be no need to invoke the doctrine of *res ipsa loquitur*. That would establish negligence on the part of the defendant. The doctrine of *res ipsa loquitur* may be used when, from all of the circumstances, the jury may reasonably infer that the bottle was defective and should have been discovered by proper inspection, or that there was excessive gas pressure within the bottle.

The defendant also contends that the undisputed scientific analysis of the sole physical evidence precluded an inference of negligence based on *res ipsa loquitur*. The defendant called an expert witness who testified as to tests he had conducted with Coca-Cola bottles, and this expert gave as his opinion that the bottle burst because it had been struck by an external force and that it broke at the point where the external force was applied. Defendant seems to feel that this rebutted any presumption of negligence. It is the rule in this state that the procedural effect to be given to *res ipsa loquitur* is that of permissible inference rather than of rebuttable presumption. *Ryan v. Zweck-Wollenberg Co.; supra.* It was the duty of the jury to weigh all of the evidence and to determine what the facts were. Permissible inferences are to be weighed by the jury against the evidence produced by the defendant and they have weight so long as reasonable men can still draw such inferences from all of the evidence. After considering the evidence the jury determined that the bottle was defective at the time it was delivered to the restaurant; that such defect was due to the negligence of the defendant; that such negligence was a cause of injury to the plaintiff; and that the condition of the bottle had not changed from the time of delivery until the time of the injury. From the record the jury was entitled to make such findings.

The record establishes that the bottle was manufactured in 1948. The record also shows that bottles are refilled. The record describes in detail how the bottles are handled before

they are refilled. It is established that bottles sometimes break on the conveyor; that sometimes they break in the stockroom, and that occasionally one breaks on a truck while being delivered. Until 1952 empty bottles were washed with metal brushes. The only explanation by the defendant's witnesses of the bursting of bottles in the plant or on the truck was that at some time the bottle had been abused. The jury was warranted in inferring from the entire record that the abuse received by the bottle occurred in the plant of the defendant, and the jury's findings, except as to damages, must be affirmed.

Finally the defendant argues that it is entitled to a new trial because of various alleged errors. Two of those contentions in that regard are worthy of comment. Question No. 5 of the special verdict read as follows: "At the time of her injury was plaintiff negligent in the manner she handled the bottle?" The jury answered the question "No." In its instructions the court stated that the burden of proof as to question No. 5 rests upon the defendant. That question inquired as to contributory negligence on the part of the plaintiff. Contributory negligence on the part of the plaintiff was not pleaded by the defendant. Further, there was no evidence in the record of any contributory negligence. Thus there was no issue thereon to be determined and the question need not have been included in the special verdict. Under our comparative-negligence statute the contributory negligence of the plaintiff precludes recovery only when it amounts to 50 per cent or more of the total aggregate negligence. There may be cases where the doctrine of *res ipsa loquitur* is applied wherein the contributory negligence of the plaintiff will be an issue. In such cases contributory negligence will be an affirmative defense and the burden of proof will be on the defendant. No objection to the inclusion of the question was made by either of the parties, and we hold that neither the question nor the instruction was prejudicial to the defendant.

After the verdict the defendant, in its motions, claimed that it was entitled to a new trial because of misconduct of the jury or a member of the jury. The jury returned its verdict on December 7, 1956. On February 1, 1957, the defendant filed affidavits indicating that during the trial of the case one of the jurors brought a Coca-Cola bottle to the jury room. The bottle was filled and sealed with a metal cap but appeared to be cracked, and the bottle was exhibited to most, if not all, of the jurors. Further, that on December 7, 1956, the same juror brought into the jury room and exhibited to most, if not all, of the jurors a clipping from a Milwaukee newspaper dated the day before which reported that in a case then pending in the federal court the plaintiff therein had received $18,500 in settlement from a manufacturer and bottler of beer because of injuries allegedly caused by a bursting beer bottle filled by said manufacturer. The trial court issued an order to show cause, fixing a date for hearing on the motion why the verdict should not be set aside, and a new trial granted. Counteraffidavits were filed in opposition to the motion. Additional affidavits were also filed in support of the motion. The affidavits of nine of the jurors were filed. Two of the jurors stated that the bottle was exhibited to the other jurors. Seven others denied seeing it. The trial court said that the defendant had not sustained its burden of proving to the reasonable satisfaction of the court that the bottle actually was in the jury room at any particular time. It made the same finding with regard to the newspaper clipping.

It is clear from all of the affidavits that the items complained of were not in the jury room during their deliberations, and, if there at all, they were there before the court instructed the jury. No juror stated in his affidavit that he gave any consideration to the bottle or conversation about the bottle, or to the report in the newspaper, whether he saw it in the clipping form in the jury room or whether he read

the same in his own paper. The trial court therefore denied the defendant's motion for a new trial.

The defendant contends that the court erred in so doing. The defendant cites cases in which this court has granted new trials because of improper communications with the jury or some member thereof. In those cases we have held that the party moving for a new trial need not show that the misconduct actually was prejudicial. A review of those cases indicates that we were dealing with unauthorized communications by the prevailing party or by some other person. No case to which our attention has been called shows that a new trial has been granted because of discussions by the jurors themselves. We believe this case is governed by what we said in *State v. Sawyer,* 263 Wis. 218, 56 N. W. (2d) 811. Under the circumstances here and under the rule cited in the *Sawyer Case* it would be necessary for the defendant to show prejudice. Several of the jurors in their affidavits stated that no consideration was given to the bottle or the newspaper story in their deliberations. None stated that consideration thereof was given. The defendant has failed to show that any prejudice resulted. Therefore the trial court properly denied the motion for a new trial and its ruling thereon was not reversible error.

*By the Court.*—Judgment affirmed.