HECKENDORF, by Guardian *ad litem,* and another, Appellants, v. J. C. PENNEY COMPANY and another, Respondents.

*May 12—June 7, 1966.*

For the appellants there was a brief by *Schmitt, Wurster, Tinglum & Nolan* and *J. Michael Nolan,* all of Merrill, and oral argument by *J. Michael Nolan.*

For the respondents there was a brief by *Genrich, Terwilliger, Wakeen, Piehler & Conway* of Wausau, for Hyman B. Coen, and *David A. Gorman* of Wausau, for the J. C. Penney Company, and oral argument by *Walter H. Piehler.*

CURRIE, C. J.   The single issue presented by this appeal is whether a swinging door comprising part of the entrance to a store building is unsafe within the meaning of the safe-place statute (sec. 101.06, Stats.) because of the failure to equip it with available safety devices or safeguards. We assume for the purpose of this decision that Karen was a "frequenter" within the meaning of this statute, inasmuch as she was accompanying her parents

who were entering a store that offered for sale merchandise that might be bought by her father for the family.

This court takes judicial notice that it is common practice throughout the state to install and maintain swinging doors as entrances to places of business without either the door or doorjambs being equipped with the protective or safety devices described in the amended complaint.[1] While such protective or safety devices would have rendered the instant door more safe, we determine that this type of door without such a device is not unsafe within the provisions of the safe-place statute. Ordinarily this is a factual determination to be made by the jury, but sometimes the facts are so clear as to present a question of law.[2] We agree with the learned trial court that this is a case where only a question of law is presented.

While the instant facts apparently present a case of first impression in Wisconsin either with respect to common-law negligence or violation of the safe-place statute, there have been a considerable number of swinging door cases decided by courts of other jurisdictions.[3] These cases generally hold that the mere maintenance of swinging doors is in itself not an act of negligence, and in order to establish liability it is necessary to show some dangerous condition in the construction or position of the doors or in the doorstops or retarding devices.[4]

---

[1] Judicial notice may be taken of matters of common knowledge. McCormick, Evidence (hornbook series), pp. 689–691, sec. 324; 9 Wigmore, Evidence (3d ed.), pp. 547, 548, sec. 2571; see also *Fringer v. Venema* (1965), 26 Wis. (2d) 366, 371, 132 N. W. (2d) 565, 133 N. W. (2d) 809.

[2] *Raim v. Ventura* (1962), 16 Wis. (2d) 67, 71, 113 N. W. (2d) 827.

[3] Anno. Liability for injury resulting from swinging door, 16 A. L. R. (2d) 1161.

[4] Id. pages 1163, 1164, 1166; *Brown v. Lutzky* (D. C. 1959), 154 Atl. (2d) 125; *Hammontree v. Edison Bros. Stores* (Mo. App. 1954), 270 S. W. (2d) 117. Also see *Dolan v. Callender, McAuslan & Troup Co.* (1904), 26 R. I. 198, 58 Atl. 655; and *Leybold v. Fox Butte Theater Corp.* (1936), 103 Mont. 232, 62 Pac. (2d) 223.

While the degree of care imposed by the safe-place statute on an owner or occupier of a building constituting a place of employment toward a frequenter is greater than at common law, the responsibility of such owner or occupier is not that of an insurer. As this court declared in *Paaske v. Perfex Corp.:* [5]

"It is difficult to conceive any structure, safe as it may be considered to be, which could not be made more safe by some means or other. To hold that this assumption requires the conclusion that there has been a violation of the safe-place statute would be to make the owner or employer an insurer." [6]

Also apropos is this statement made in *Zernia v. Capitol Court Corp.:* [7]

"We pointed out in the *Powless Case* [(1959), 6 Wis. (2d) 78, 94 N. W. (2d) 187], that the owner's duty under the statute to provide a safe place for frequenters is an absolute one, but the term 'safe' is relative, not absolute, and what is a safe place depends on the facts and conditions of each place. The point is simply that the statute recognizes a 'rule of reason.' "

The general usage of swinging doors without being equipped with the protective or safety devices described in the amended complaint is persuasive when considering whether defendants have adhered to the "rule of reason" in failing to install safety devices. As was said in *Raim v. Ventura:* [8]

"However, where there is an avalanche of acceptability of a custom or usage, and where such general practice contravenes no established law, public policy, or common

[5] (1964), 24 Wis. (2d) 485, 490, 129 N. W. (2d) 198.

[6] This same view was also expressed in *Hipke v. Industrial Comm.* (1952), 261 Wis. 226, 233, 52 N. W. (2d) 401, in which it had been argued that the premises could have been made more safe by the making of certain changes.

[7] (1963), 21 Wis. (2d) 164, 170e, 124 N. W. (2d) 86, 125 N. W. (2d) 705.

[8] *Supra,* footnote 2, at page 72.

sense, it may be persuasive as to what is a rule of reason in a safe-place case."

The instant case would seem to clearly fit within such a description.

Plaintiffs' amended complaint pleads no particular reason why the instant swinging door was more hazardous than any other normal swinging door. To hold that such a complaint states a cause of action would be to hold that, by itself, the presence of a normal, nondefective swinging door in a place of employment or public building is a potential breach of the duty imposed by the safe-place statute. Such a result would contravene the requirement of reasonableness which is implicit in the safe-place statute.

*By the Court.*—Order affirmed.