Mildred L. McGuire, Plaintiff-Appellant,†

v.

Stein's Gift & Garden Center, Inc., Continental Insurance Company, David Morrell and American Family Mutual Insurance Company, Defendants-Respondents.

Court of Appeals

*No. 92–2588. Submitted on briefs May 18, 1993.—Decided July 21, 1993.*

(Also reported in 504 N.W.2d 385.)

† Petition to review denied.

379

381

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *James P. Brennan* of *Brennan & Collins* of Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Mark D. Koss* of Milwaukee for David Morrell and American Family Mutual Insurance Company and *Lisa L. Ash* of *Borgelt, Powell, Peterson & Frauen, S.C.* of Milwaukee for Stein's Gift & Garden Center, Inc. and Continental Insurance Company.

Before Nettesheim, P.J., Brown and Anderson, JJ.

NETTESHEIM, P.J. Mildred L. McGuire sued Stein's Gift & Garden Center, Inc. (Stein's) and David Morrell, alleging that their combined negligence caused the injuries she received when a shopping cart fell against her and knocked her to the ground at Stein's Waukesha store. The trial court dismissed McGuire's complaint after the jury found that neither Stein's nor David was negligent.

On appeal, McGuire asserts that the trial court erred by refusing to instruct the jury on the doctrine of *res ipsa loquitur*. She also asserts that the court erred by refusing to set aside the jury's verdict because of insufficiency of the evidence. Although we disagree with the trial court's expressed reasons for rejecting the *res ipsa loquitur* instruction, we otherwise conclude that the evidence did not support the instruction. On this different ground, we affirm the trial court's ruling. We also affirm the court's ruling that the evidence supported the jury's verdict. Therefore, we affirm the judgment dismissing McGuire's complaint.

385

## FACTS

McGuire was in the outdoor sales area at Stein's with her daughter and David, her grandson, to purchase a wooden barrel and potting soil. David had just loaded a shopping cart with four forty-pound bags of potting soil when the cart fell against McGuire, knocking her to the ground and causing her to fracture her left hip. McGuire sued Stein's, David, and their respective insurers, alleging that Stein's and David's combined negligence caused her injuries. Specifically, McGuire claimed that Stein's breached its duty under sec. 101.11, Stats., the safe place statute, by failing to repair or maintain the cracked and uneven surface of the asphalt lot in the outdoor sales area. As to David, McGuire's complaint alleged that he negligently caused the cart's instability by overloading it with soil. At the trial, however, McGuire's negligence claim against David focused on his alleged placement of the cart in a crack on the asphalt surface before he loaded it with soil.

At trial, David testified that he positioned the shopping cart on the asphalt lot near a pallet of potting soil. David stated that the cart was stable after he placed the fourth forty-pound bag of potting soil in it, but that after turning away he heard his mother, Kathleen Morrell, shriek. When he turned, he saw the cart and McGuire falling to the ground. David further testified that he noticed after the accident that the asphalt lot's surface was cracked and uneven. In his deposition testimony he stated:

> [A]fter it happened we noticed there was a crack in the ground, and we had inadvertently placed the cart in a big crack that they had in there, in Stein's, and it turned out to be not real level; and I think

386

that's why [the cart] fell, because one wheel was caught in the crack, and once you tried to move it or let go, the balance, or the wheels were kind of lower than the others. So I think, you know, the ground was level, but there was a crack in the ground.

David also testified at trial that when he positioned the cart he was not aware that he had placed one of its wheels in a crack, but he explained that:

[T]here was no other logical explanation for how the cart fell. There was no excessive wind that day. I didn't see anybody touching the cart—my grandmother, my mother. I know I didn't touch the cart. I mean, if I did I would have admitted it three years ago. There was so many cracks on the ground, we just looked for an explanation for it after it happened, and we looked around and we saw more than just the couple of cracks you see on the picture. Like I say, we noticed the rough ground, uneven ground, and there was—how else could it fall, really? And with all those cracks in the ground, it had to have been in there, because it just doesn't fall over by itself, especially after it was stable, after I put the dirt in it.

Donald Malek, the retail manager of Stein's, testified that the crease or "crack" David referred to was a seam between two separate pieces of asphalt which had been filled in with asphalt and smoothed over. Malek further testified that the entire Stein's lot was resurfaced with concrete about a year after the accident.

At the jury instruction conference at the close of the evidence, McGuire asked the trial court to instruct the jury on the doctrine of *res ipsa loquitur* only as to

387

David's actions regarding the cart.[1] McGuire argued that she was entitled to the instruction because the cart fell while David was not touching it and no direct evidence existed to explain what actually caused the cart to fall against her. McGuire further argued that the instruction should be given because Stein's and David's negligence differed and the direct evidence presented to establish Stein's safe place violation did not by itself provide a full and complete explanation of the occurrence.

The trial court denied McGuire's request for the *res ipsa loquitur* instruction on various grounds. In its bench decision when it denied the instruction, the court concluded that *res ipsa loquitur* cannot apply where the claimant alleges differing acts of negligence against multiple defendants. The court also concluded that David was not in exclusive control of the cart because he was not in direct control or contact with the cart when McGuire fell. The court also rejected the instruction because, according to the court's assessment of the evidence, the jury could conclude that McGuire fell on her own. In its written decision on motions after verdict, the court confirmed certain of these prior rulings and also ruled that the exclusive control requirement was not satisfied as to David

---

[1] Wis J I—Civil 1145, the *res ipsa loquitur* instruction, states:

> If you find (defendant) had (exclusive control of) (exclusive right to the control of) the (name the instrument or agency involved) involved in the accident and if you further find that the accident claimed is of a type or kind that ordinarily would not have occurred had (defendant) exercised ordinary care, then you may infer from the accident itself and the surrounding circumstances that there was negligence on the part of (defendant) unless (defendant) has offered you an explanation of the accident which is satisfactory to you.

because McGuire had named multiple defendants, each of whom had a right to control over the cart.

The jury found neither Stein's nor David negligent.[2] On motions after verdict, McGuire asked for a new trial based on the court's refusal to give the *res ipsa loquitur* instruction. She also contended that the verdict was contrary to the evidence and otherwise perverse. The trial court denied the motions and McGuire appeals. We will recite further facts as they become relevant to our discussion.

## *RES IPSA LOQUITUR*

*Res ipsa loquitur* is a rule of circumstantial evidence which permits, but does not require, a permissible inference of negligence to be drawn by the jury. *See Millonig v. Bakken*, 112 Wis. 2d 445, 457, 334 N.W.2d 80, 86 (1983); *Knief v. Sargent*, 40 Wis. 2d 4, 6, 161 N.W.2d 232, 233 (1968). The doctrine applies where there is insufficient proof available to explain an injury-causing event, yet the physical causes of the accident are of the kind which ordinarily do not exist in the absence of negligence. *See Utica Mut. Ins. v. Ripon Coop.*, 50 Wis. 2d 431, 439, 184 N.W.2d 65, 69 (1971); RESTATEMENT (SECOND) OF TORTS § 328D comment c (1964). Thus, where evidence of the defendant's negligence is lacking or virtually nonexistent, the jury is allowed to "fill in the blanks" by drawing an inference of negligence from the happening of the event and the defendant's relationship to it.

---

[2] By agreement of the parties, the jury was not asked any question regarding contributory negligence as to McGuire.

The plaintiff is entitled to a *res ipsa loquitur* instruction if the evidence establishes that: (1) the event causing the plaintiff's injuries was of the kind which ordinarily does not occur in the absence of negligence, and (2) the agency or instrumentality causing the harm was within the exclusive control or right to control of the defendant. *Turk v. H.C. Prange Co.*, 18 Wis. 2d 547, 558 & n.2, 119 N.W.2d 365, 372 (1963).

Because McGuire had presented direct evidence in support of her safe place claim against Stein's, she did not request the *res ipsa loquitur* instruction as to Stein's. However, McGuire asserts that she was entitled to the instruction to establish David's negligence because of the lack of specific proof available to explain what caused the cart to fall against her and knock her to the ground.

Whether the evidence presented warrants the giving of a *res ipsa loquitur* instruction presents a question of law. *Fehrman v. Smirl*, 20 Wis. 2d 1, 28b, 122 N.W.2d 439, 439 (1963) (per curiam on motion for rehearing). It is error for the court to instruct the jury on an issue which finds no support in the evidence. *Lutz v. Shelby Mut. Ins. Co.*, 70 Wis. 2d 743, 750, 235 N.W.2d 426, 431 (1975).

We begin by examining the reasons given by the trial court for rejecting the *res ipsa loquitur* instruction. First, the court reasoned that McGuire had not satisfied the exclusive control requirement of the *res ipsa loquitur* doctrine because she sued multiple defendants, each of whom had a right or an ability to control. However, the law is to the contrary. *Res ipsa loquitur* has been applied in situations where multiple

390

defendants have jointly exercised control of the instrumentality or agency that caused the plaintiff's injuries. *See, e.g., Samson v. Riesing*, 62 Wis. 2d 698, 708, 215 N.W.2d 662, 667–68 (1974) (application of the doctrine permissible where evidence establishes that exclusive control was exercised collectively by the defendants). *See also Swierczek v. Lynch*, 466 N.W.2d 512 (Neb. 1991) (*res ipsa loquitur* applicable to alleged negligence of hospital, oral surgeon, and nurse anesthetist); *Stalter v. Coca-Cola Bottling Co.*, 669 S.W.2d 460 (Ark. 1984) (grocery store and bottling company properly joined as defendants in *res ipsa* case involving falling bottle); *Jackson v. H.H. Robertson Co.*, 574 P.2d 822 (Ariz. 1978) (en banc) (negligence action based on construction site accident properly maintainable against two subcontractors under *res ipsa loquitur*). *See generally* Annotation, *Applicability of Res Ipsa Loquitur in Case of Multiple, Nonmedical Defendants—Modern Status*, 59 A.L.R. 4th 201 (1988).

Second, the trial court denied the instruction because the evidence demonstrated that David was not in direct control or in contact with the cart when it fell against McGuire. Again, this is not the law. The significant moment of exclusive control is the time at which the alleged negligence causing the injury occurs, not the time of the accident. *Zarling v. La Salle Coca-Cola Bottling Co.*, 2 Wis. 2d 596, 601, 87 N.W.2d 263, 266 (1958). Here, McGuire's claim of negligence against David focused on his alleged placement of the cart in a crack on the surface of the asphalt lot. *At the time of this alleged act*, David was in actual and direct control of the cart. The fact that McGuire was injured when the cart later fell against her did not *per se* defeat her request for the instruction.

Third, the trial court concluded that *res ipsa loquitur* cannot apply where differing acts of negligence are alleged against multiple defendants. This is not the law. Specific negligence and *res ipsa loquitur* may be pled in the alternative; likewise, evidence tending to show specific acts of negligence will not automatically foreclose dependence on the doctrine. *Utica,* 50 Wis. 2d at 439, 184 N.W.2d at 69; *Lecander v. Billmeyer,* 171 Wis. 2d 593, 603–04, 492 N.W.2d 167, 171 (Ct. App. 1992). In short, specific acts of negligence and *res ipsa loquitur* are not *per se* mutually exclusive. This is so whether the claims be asserted against a single defendant or multiple defendants.

Fourth, the trial court refused the instruction because it believed the evidence would allow the jury to conclude that McGuire fell on her own. We reject this reasoning on both factual and legal grounds.

From a factual standpoint, we agree with McGuire that the trial court's reading of the evidence on this point was speculation. No evidence supported this theory. McGuire testified that she fell to the ground when the cart fell against her. This was circumstantially corroborated by David and his mother who both testified that, although they did not see the moment of impact, they did see McGuire and the cart falling to the ground. Neither Stein's nor David presented any evidence to the contrary and they did not argue to the jury that McGuire fell on her own. Nor did they pursue any contributory negligence against McGuire.

From a legal standpoint, even if the evidence could support a finding of contributory negligence, Wisconsin law recognizes that such negligence does not *per se*

foreclose application of the *res ipsa loquitur* doctrine. "[I]n view of Wisconsin's comparative-negligence statute . . . it is more logical to hold that in Wisconsin contributory negligence on the part of [the claimant] should not be an absolute bar to [the claimant's] reliance on *res ipsa loquitur.*" *Turk*, 18 Wis. 2d at 558, 119 N.W.2d at 372.

Finally, when determining whether an instruction should be given in a particular case, the evidence must be viewed in the light most favorable to the person requesting it. *Lutz*, 70 Wis. 2d at 754, 235 N.W.2d at 433. The trial court was thus required to view McGuire's evidence favoring the instruction—not any evidence (assuming it existed) against the instruction.

We therefore disagree with the reasons given by the trial court for rejecting the *res ipsa loquitur* instruction. Nonetheless, we conclude that the court's refusal to instruct the jury was not error because the evidence in any event did not warrant the giving of the instruction.

Wisconsin case law establishes that while the evidence offered to invoke the *res ipsa loquitur* doctrine must be sufficient enough to remove the causation question from the realm of conjecture, it must not be so substantial that it provides a full and complete explanation of the event:

> When both parties have rested and the case is ready for the jury, either of two conditions may exist which would render it error to give the *res ipsa loquitur* instruction. The plaintiff may have proved too little or he may have proved too much. For example, if, on the one hand, there has been no evidence which would remove the causation ques-

393

tion from the realm of conjecture and place it within the realm of reasonable inferences, then the plaintiff has proved too little, and the doctrine of *res ipsa loquitur* is of no avail, and the case must be dismissed.

On the other hand, it is possible that the plaintiff's evidence of negligence in a given case has been so substantial that it provides a full and complete explanation of the event, if the jury chooses to accept it. In that case, causation is no longer a mystery, and the *res ipsa loquitur* instruction would be superfluous and erroneous.

*Utica*, 50 Wis. 2d at 439, 184 N.W.2d at 69. Thus, although specific negligence and *res ipsa loquitur* may be pled in the alternative[3] and evidence tending to show specific acts of negligence will not automatically foreclose dependence on the doctrine, *see id.* at 440, 184 N.W.2d at 69; *Lecander*, 171 Wis. 2d at 603–04, 492 N.W.2d at 171, *res ipsa loquitur* is unnecessary and its application redundant *where the evidence provides a full and complete explanation of the event should the jury choose to accept it. Knief*, 40 Wis. 2d at 7, 161 N.W.2d at 233; *Fehrman v. Smirl*, 25 Wis. 2d 645, 653, 131 N.W.2d 314, 318 (1964).

Here, McGuire presented direct and circumstantial evidence, largely through David's own testimony, supporting her claim that the cart's instability was caused by David positioning one of the cart's wheels in a crack on the surface of the asphalt lot. While David's trial testimony wavered on the question, in his deposi-

---

[3] Should the attempt to prove specific negligence be unsuccessful or the evidence fail to establish the precise cause of the injury, the plaintiff is not deprived of the benefit of the *res ipsa loquitur* instruction. *Commerce Ins. Co. v. Merrill Gas Co.*, 271 Wis. 159, 168, 72 N.W.2d 771, 775 (1955).

tion testimony he said he placed the cart in the crack. Had the jury accepted this evidence and McGuire's contention that it constituted negligence, she likely would have prevailed with the jury.

A primary purpose of the *res ipsa loquitur* rule is to create a *prima facie* showing of negligence thus relieving a claimant of the burden of going forward with proof of specific acts of negligence. *See Koehler v. Thiensville State Bank*, 245 Wis. 281, 287, 14 N.W.2d 15, 17 (1944). In many instances, the doctrine will allow the claimant to avoid a motion for summary judgment or a directed verdict. *Reber v. United States*, 951 F.2d 961, 964 (9th Cir. 1991), *cert. denied*, 112 S. Ct. 1675 (1992). Here, we are satisfied that McGuire's proofs would have overcome such motions had they been brought.

McGuire did not need the instruction to make her *prima facie* case against David. *Knief*, 40 Wis. 2d at 9, 161 N.W.2d at 234. The evidentiary foundation already existed for the jury to draw the inference of David's negligence *if the jury was so persuaded*. The blanks were already "filled in." The evidentiary chasm contemplated by the doctrine of *res ipsa loquitur* was not present in this case. Stated differently, the jury had before it *detailed and specific evidence—if it chose to accept it—as to how and why David was negligent and that his negligence was the cause of McGuire's injuries*.[4] It follows therefore that the trial court's failure to give the instruction was not reversible error.

---

[4] The evidence produced by McGuire placed her in the same position as the plaintiff in *Knief v. Sargent*, 40 Wis. 2d 4, 9, 161 N.W.2d 232, 234 (1968):

> While the introduction of some evidence which tends to show specific acts of negligence on the part of the defendant but does not

The case law reflects "the difficulty which, under certain factual situations, attends the application of the inference of negligence to circumstantial evidence." *Maryland Casualty Co. v. Pennsylvania Nat'l Mut. Casualty Ins. Co.*, 81 Wis. 2d 248, 261, 260 N.W.2d 380, 385 (1977). Since a *res ipsa loquitur* case is but one form of circumstantial evidence, *Knief*, 40 Wis. 2d at 6, 161 N.W.2d at 233, it will oftentimes be difficult for a court to discern when a claimant has proved too little or proved too much for purposes of the instruction.

Nonetheless, we emphasize one point that can be confidently made: a *res ipsa loquitur* instruction is not required simply because the case turns on circumstantial evidence or because the factfinder is asked to draw inferences.[5] Rather, the giving of the instruction turns on whether the instrumentality or agency causing the injury was within the exclusive control of the defendant and whether the event causing the plaintiff's injuries was of the kind which ordinarily does not occur in the absence of negligence. *Turk*, 18 Wis. 2d at 558 & n.2, 119 N.W.2d at 372.

purport to furnish a complete and full explanation of the occurrence does not deprive the plaintiff of the benefit of *res ipsa loquitur*; here, there is more than some evidence. There is direct evidence of specific acts of negligence complained of which furnish a complete and full explanation of what caused the injury to the plaintiff. Either the acts of the defendant were negligent or they were not. There were no other probable causes. This evidence was sufficient to make a *prima facie* case and support a verdict. We think the plaintiff proved too much by direct evidence of negligence to be entitled to the *res ipsa loquitur* instruction. He did not need the instruction to make his prima facie case.

[5] In fact, in some instances, circumstantial evidence may be stronger or more convincing than direct evidence. *See* Wis J I—Criminal 170.

In a case such as this where the claimant has proved too much, the giving of the *res ipsa loquitur* instruction creates two problems: the lesser problem is that the instruction is redundant because the claimant does not need it; the greater problem is that the instruction offers the jury too wide a range of grounds on which to base its verdict. Here, McGuire presented a detailed, specific and cogent theory of liability supported by a line of evidence. She did not need the instruction and, had the court given it, the jury may well have used it to wander too far afield from the evidence.

## SUFFICIENCY OF THE EVIDENCE

McGuire next argues that because she was not negligent and the accident could not have happened unless the defendants were negligent, the verdict is contrary to the evidence.

On appeal, we will uphold the jury's findings if there is any credible evidence which under a reasonable view supports the jury's verdict. *See Lecander*, 171 Wis. 2d at 604, 492 N.W.2d at 172. This is especially true where, as here, the verdict has the approval of the trial court. *Id.* at 604–05, 492 N.W.2d at 172.

If we were to assume that all accidents are the result of negligence, we would agree with McGuire's interpretation that either Stein's or David was negligent and that the trial court erred by refusing to set aside the jury's verdict. The syllogism implicit in McGuire's argument is defective, however, because the mere happening of an accident does not automatically establish that a place is not safe within the meaning of

the safe place statute or that someone was negligent under the common law.

Under sec. 101.11, Stats., the safe place statute, owners of a place of employment or a public building have the duty to repair or maintain the premises in as safe a condition as the nature of the premises reasonably permits. Section 101.11(1); *Dykstra v. Arthur G. McKee & Co.*, 92 Wis. 2d 17, 26, 284 N.W.2d 692, 697 (Ct. App. 1979), *aff'd*, 100 Wis. 2d 120, 301 N.W.2d 201 (1981). However, the duty imposed by the statute does not render the owner an insurer. *Heckendorf v. J.C. Penney Co.*, 31 Wis. 2d 346, 350, 142 N.W.2d 801, 803 (1966). Rather, whether the place is reasonably safe is dependent upon the facts and circumstances of the particular case. In all but exceptional cases, this is a question of fact for the jury. *Dykstra*, 92 Wis. 2d at 26, 284 N.W.2d at 697.

Here, certain of the evidence supports Stein's contention that it did not violate the safe place statute. Malek, the Stein's manager, testified that the "crack" was in fact a seam which had been filled in with asphalt and smoothed over. If so, Stein's maintained the premises in a reasonably safe condition. Malek also testifed that the Stein's lot was resurfaced with concrete not in response to McGuire's accident but to upgrade the property. This evidence supports the jury's verdict as to Stein's.

The common law also does not contemplate that all accidents arise as a consequence of fault. A person has the duty to exercise reasonable care whenever it is foreseeable that one's conduct may cause harm to another, *Johnson v. Seipel*, 152 Wis. 2d 636, 644, 449

N.W.2d 66, 68 (Ct. App. 1989), but the duty is not an absolute one to avoid harm. While a person has the duty to exercise reasonable care towards that end, "the law does not impose upon him [or her] the absolute duty not to injure or endanger any person." *Lembke v. Farmers Mut. Auto. Ins. Co.*, 243 Wis. 531, 535, 11 N.W.2d 169, 170–71 (1943).

Here, we are satisfied that the jury could conclude, as evidently it did, that David exercised ordinary care in positioning the cart and loading it with soil. David's testimony waivered about the placement of the cart. At times he testified that he placed the cart in a crack but at other times testified that he probably did. The jury could well have concluded that David did not place the cart in a crack, or that, even if he did, such was not an act which an ordinary person would reasonably foresee as creating an unreasonable risk of harm to others.[6] *See* Wis J I—Civil 1001.

Viewing the evidence in the light most favorable to the jury's verdict as we must, *see Dykstra*, 92 Wis. 2d at 27, 284 N.W.2d at 697, we are unable to say that there was no evidence from which the jury could find that neither Stein's nor David was negligent.[7]

*By the Court.*—Judgment affirmed.

---

[6] And although she alleged such in her complaint, McGuire presented no evidence to establish that David overloaded the cart or placed the bags of soil into the cart in such a manner that made it unstable.

[7] Because of the result we reach, we see no need to address McGuire's related argument that the jury's verdict was perverse.