Robert PEPLINSKI, Plaintiff-Appellant,†

v.

FOBE'S ROOFING, INC., a Wisconsin corporation, and CNA Insurance, a foreign insurance corporation, Defendants-Respondents.

Court of Appeals

*No. 93–0568. Submitted on briefs December 3, 1993.—Decided June 30, 1994.*

(Also reported in 519 N.W.2d 346.)

†Petition to review granted.

309

310

311

For the plaintiff-appellant the cause was submitted on the briefs of *Vincent A. Maeder* and *Jerome A. Maeder* of *Jerome A. Maeder, S.C.* of Wausau.

For the defendants-respondents the cause was submitted on the brief of *Mark P. Wendorff* of *Patterson, Richards, Hessert, Wendorff & Ellison* of Wausau.

Before Eich, C.J., Dykman and Sundby, JJ.

DYKMAN, J. Robert Peplinski appeals from a judgment entered on a jury verdict finding that defendant Fobe's Roofing, Inc. was not negligent in a work-

related accident in which Peplinski was injured.[1] He claims that the trial court erred in four respects in instructing the jury. We reject his claim and affirm.

## FACTS

Robert Peplinski is a plumber. On July 6, 1990, he was employed by Kohls Plumbing and Heating, Inc., and was injured when a cast-iron pipe fell and struck his hand. The pipe had been installed vertically, with one end protruding through the roof of the structure on which he was working. The pipe had been held in place by a clamp attached to some rafters. Peplinski claims that a Fobe's Roofing employee was on the roof of the building at the time of the accident. Peplinski asserts that Fobe's employee operated a motorized cart which struck the protruding pipe, causing it to fall. The cart was used to haul hot tar and roofing materials from one end of the roof to the other. It weighed about 450 to 500 pounds, was powered by a small gasoline engine and pulled a trailer.

Peplinski's evidence as to the cause of the accident was circumstantial. His engineering expert testified that he believed that the accident occurred when a large, lateral force struck the pipe and knocked the clamp off the rafters, allowing the pipe to fall and strike Peplinski's hand. The expert believed that the force of the motorized cart hitting the pipe would be sufficient to cause the pipe to fall.

The cart operator denied that he had struck the pipe. Fobe's engineering expert testified that there was no physical evidence supporting Peplinski's claim. He believed that because there was no indentation in the

---

[1] This is a third-party action brought pursuant to § 102.29, STATS.

313

roof or the joists, the pipe was not struck by a heavy object on the roof. He attributed the pipe's fall to work site vibration, or someone either hitting the pipe with a mop or resting his foot on it.

## RES IPSA LOQUITUR

Peplinski first asserts that the trial court erred by refusing to give a *res ipsa loquitur* instruction. *Res ipsa loquitur*, "the thing speaks for itself," is a permissive inference embodied in WIS J I—CIVIL 1145. The instruction tells a jury that if a defendant has exclusive control over a thing involved in an accident, and if the accident is of a type that would not have occurred in the absence of negligence, the jury may infer negligence on the part of the defendant. In *Turtenwald v. Aetna Casualty & Sur. Co.*, 55 Wis. 2d 659, 201 N.W.2d 1 (1972), the court explained the test to determine whether to give a *res ipsa loquitur* instruction:

> [W]hen both parties have rested and a negligence case is ready for the jury, either of two conditions may exist which would render it error to give the *res ipsa loquitur* instruction. The first occurs when the plaintiff has proved too little—that is, if there has been no evidence which would remove the causation question from the realm of conjecture and place it within the realm of permissible inferences. The second situation where it is also error occurs when the plaintiff's evidence in a given case has been so substantial that it provides a full and complete explanation of the event if the jury chooses to accept it. In that case the cause is no longer unknown and the instruction will be superfluous and erroneous. However, a middle ground exists between these two extremes where the instruction will still be proper.

Professor Prosser describes this situation as follows:

> ". . . the introduction of some evidence which tends to show specific acts of negligence on the part of the defendant, but which does not purport to furnish a full and complete explanation of the occurrence does not destroy the inferences which are consistent with the evidence, and so does not deprive the plaintiff of the benefit of res ipsa loquitur."

*Id.* at 668, 201 N.W.2d at 6 (quoting WILLIAM L. PROSSER, LAW OF TORTS § 40, at 232 (4th ed. 1971)).

But a most important aspect of a *res ipsa loquitur* instruction, an issue about which the parties differ, is the standard by which we review a trial court's decision to give or withhold the instruction. Peplinski selectively quotes the following from *Fiumefreddo v. McLean*, 174 Wis. 2d 10, 17, 496 N.W.2d 226, 228 (Ct. App. 1993): "Whether [the conditions of *res ipsa loquitur*] are met is a legal issue that [the appellate court] determine[s] *de novo*." But Peplinski neglects to note that we also quoted *Fehrman v. Smirl*, 25 Wis. 2d 645, 653, 131 N.W.2d 314, 318 (1964) (*Fehrman II*), as holding that we give deference to the trial court's *res ipsa loquitur* analysis. *Fiumefreddo*, 174 Wis. 2d at 18, 496 N.W.2d at 229. *Fehrman II* holds:

> When proof of negligence is offered, the trial judge, in contemplating the instructions which he will give to the jury, must evaluate the testimony to determine if there has been such substantial proof of negligence as to render superfluous the giving of an instruction on *res ipsa loquitur*. Sometimes the question as to the adequacy of the proof of negligence will be a close one; it will be within the sound

discretion of the trial judge to determine whether the giving of the instruction will be redundant.

*Fehrman II*, 25 Wis. 2d at 653, 131 N.W.2d at 318. And in *Lecander v. Billmeyer*, 171 Wis. 2d 593, 492 N.W.2d 167 (Ct. App. 1992), we said: "In ruling on the last requirement needed to give the res ipsa loquitur instruction, appellate courts ordinarily give deference to the trial court's discretionary determination." *Id.* at 602, 492 N.W.2d at 171 (citing *Fehrman II*, 25 Wis. 2d at 653, 131 N.W.2d at 318).

But in *McGuire v. Stein's Gift & Garden Ctr., Inc.*, 178 Wis. 2d 379, 504 N.W.2d 385 (Ct. App. 1993), we said: "Whether the evidence presented warrants the giving of a *res ipsa loquitur* instruction presents a question of law." *Id.* at 390, 504 N.W.2d at 389 (citing *Fehrman v. Smirl*, 20 Wis. 2d 1, 28b, 122 N.W.2d 439, 439 (1963) (per curiam on motion for rehearing) (*Fehrman I*)).

Other supreme court cases have noted that the determination of whether to submit a *res ipsa loquitur* instruction is a question of law. *See Kelly v. Hartford Casualty Ins. Co.*, 86 Wis. 2d 129, 139-40, 271 N.W.2d 676, 681 (1978); *Hoven v. Kelble*, 79 Wis. 2d 444, 450, 256 N.W.2d 379, 382 (1977).

Harmonizing these cases is difficult. But we conclude that when discussing the first two elements of *res ipsa loquitur* cases—"instrumentality in exclusive control of defendant" and "result does not occur in absence of negligence"— the cases we have noted usually use a *de novo* standard of review. This is true, we believe, because once the facts of a case are known, whether the facts fulfill a statutory or common-law standard is a question of law. *Pollack v. Calimag*, 157 Wis. 2d 222, 239-40, 458 N.W.2d 591, 600 (Ct. App. 1990).

The third issue, whether the evidence is insufficient, adequate or full and complete, is determined on a sliding scale. The impression of a witness's testimony which the trial court gains from seeing and hearing the witness can make a difference in a decision that evidence is more than conjecture, but less than full and complete. We believe that this was what the supreme court was referring to in *Fehrman II* when it noted that in close cases, the adequacy of the proof will be within the sound discretion of the trial judge. *Fehrman II*, 25 Wis. 2d at 653, 131 N.W.2d at 318. We think that this conclusion is compatible with *McGuire*, because there we were examining the trial court's reasons for drawing conclusions as to the first two *res ipsa loquitur* elements.

■

The trial court determined that Peplinski had submitted substantial proof in support of his theory that a Fobe's Roofing employee had struck the end of the pipe with the cart. It noted that there was no evidence of any other negligent act by Fobe's Roofing. Thus, the court's conclusion was that if the Fobe's Roofing cart did not hit the pipe, Fobe's Roofing would not be negligent and would not have caused Peplinski's injury.

■

Peplinski attempts to distinguish this case from cases such as *Mixis v. Wisconsin Pub. Serv. Co.*, 26 Wis. 2d 488, 132 N.W.2d 769 (1965), where the court concluded that giving a *res ipsa loquitur* instruction was error because the plaintiff proved that the injury was caused by a specific negligent act. He argues that in *Mixis* and other cases discussing the third element of the *res ipsa loquitur* analysis, there was direct evidence that the negligent act occurred. Here, the evidence he presented implicating Fobe's Roofing is

circumstantial. We see little difference. "[C]ircumstantial evidence is oftentimes stronger and more satisfactory than direct evidence." *State v. Poellinger*, 153 Wis. 2d 493, 501-02, 451 N.W.2d 752, 755 (1990).

Nor do we accept Peplinski's argument that because Fobe's expert witness disputed his assertion as to the cause of the accident, a *res ipsa loquitur* instruction was required. If that were true, *res ipsa loquitur* would apply to most contested negligence cases. And in *Turtenwald*, 55 Wis. 2d at 668, 201 N.W.2d at 6, the court explained that when determining whether the third element of *res ipsa loquitur* is met, the court looks at the *plaintiff's* evidence.

Finally, Peplinski argues that Fobe's Roofing had exclusive control of the pipe assembly. That fact is the first element of a *res ipsa loquitur* analysis. The trial court decided not to give a *res ipsa loquitur* instruction because Peplinski had failed the "too much" part of the third element.

We do not make an independent determination of whether Peplinski produced either too little or too much evidence to be entitled to a *res ipsa loquitur* instruction. As we have explained, that is a discretionary matter for the trial court.

The limited scope of our review of discretionary decisions is well settled.

> Generally, "[w]e will not reverse a discretionary determination by the trial court if the record shows that discretion was in fact exercised and we can perceive a reasonable basis for the court's decision." *Prahl v. Brosamle*, 142 Wis. 2d 658, 667, 420 N.W.2d 372, 376 (Ct. App. 1987). Indeed, "[b]ecause the exercise of discretion is so essential to the trial

court's functioning, we generally look for reasons to sustain discretionary determinations." *Schneller v. St. Mary's Hosp.*, 155 Wis. 2d 365, 374, 455 N.W.2d 250, 254 (Ct. App. 1990), *aff'd*, 162 Wis. 2d 296, 470 N.W.2d 873 (1991).

To determine whether the trial court properly exercised its discretion in a particular matter, we look first to the court's on-the-record explanation of the reasons underlying its decision. And if that explanation indicates that the court looked to and "considered the facts of the case and reasoned its way to a conclusion that is (a) one a reasonable judge could reach and (b) consistent with applicable law, we will affirm the decision even if it is not one with which we ourselves would agree." *Burkes v. Hales*, 165 Wis. 2d 585, 590, 478 N.W.2d 37, 39 (Ct. App. 1991) (footnote omitted).

*Steinbach v. Gustafson*, 177 Wis. 2d 178, 185-86, 502 N.W.2d 156, 159 (Ct. App. 1993).

We conclude that the trial court did not erroneously exercise its discretion by refusing to give a *res ipsa loquitur* instruction.

## INSTRUCTION AS TO DUTY OF CART OPERATOR

Peplinski contends that the trial court erred by refusing to give an instruction that he patterned on jury instructions used in automobile accident cases. But he assumes that we review this issue *de novo*, for he fails to articulate our standard of review, and he couches his argument in terms such as "error" and "prejudicial error." But, "[t]he trial court has wide discretion in instructing a jury, and if its instructions adequately cover the law, there is no erroneous exercise of discretion when the court refuses to give a

requested instruction, even if the proposed instruction is correct." *Nelson v. Taff*, 175 Wis. 2d 178, 186, 499 N.W.2d 685, 688 (Ct. App. 1993).

The trial court gave WIS J I—CIVIL 1005, as slightly modified, which told the jury:

> A person is negligent when he fails to exercise ordinary care. Ordinary care is the degree of care which the great mass of mankind ordinarily exercises under the same or similar circumstances. A person fails to exercise ordinary care when, without intending to do any wrong, he does an act or omits a precaution under circumstances in which a person of ordinary intelligence and prudence ought reasonably to foresee that such act or omission will subject him or his property, or the person or property of another, to an unreasonable risk of injury or damage.

The court also gave WIS J I—CIVIL 1022.4, as slightly modified. The instruction read:

> A contractor has a duty to exercise ordinary care in the construction of a building. This duty requires such contractor to perform work with the same degree of care and skill and to provide such suitable materials as are used and provided by contractors of reasonable prudence, skill, and judgment in similar construction.

Peplinski does not explain how the rules of the road are applicable to the roofs of buildings. Nor does he assert that the two instructions we have quoted are wrong. The two instructions more than adequately cover the law. We have already explained the scope of our review of discretionary rulings. We conclude that the trial court did not erroneously exercise its discretion when it chose to give the two quoted instructions

rather than Peplinski's instructions based on WIS J I—CIVIL Nos. 1055 and 1105, instructions as to lookout and management and control of automobiles.

## INSTRUCTION AS TO DUTY OF CONTRACTOR AND CONTRACTOR'S EMPLOYEES

Peplinski argues that the trial court erred by failing to give an instruction he submitted on contractor duty. The instruction reads:

> A contractor and his employees who are performing work on a building project [have] a duty not to do an affirmative act that would increase the risk of injury or to do an act that injures the employees of another contractor on the same project. In this case Fobe[']s employees had an affirmative duty to exercise reasonable care to not do an act or acts that would contribute to an injury of other persons on the same job. The failure to exercise such care, if you so find, is negligence.

We have already quoted the instruction on contractor duty given by the trial court. And we have explained the standard by which we review a trial court's giving of instructions or refusal to give instructions. Peplinski's proposed instruction is confusing. The first sentence partially instructs on strict liability, an issue not present in this case. The remaining two sentences use negligence language. We conclude that the trial court did not erroneously exercise its discretion· by refusing to give Peplinski's requested instruction on contractor duty.

## NEGLIGENCE INSTRUCTION

Finally, Peplinski attacks the trial court's discretion in instructing the jury as to negligence. He argues that WIS J I—CIVIL 1022.4 is inapplicable to a personal injury case because it was designed to be used where a contractor's negligent construction causes damage. But the intent behind a jury instruction is not relevant. The question is whether it adequately covers the law. *Nelson*, 175 Wis. 2d at 186, 499 N.W.2d at 688. And we have already concluded that it did so. Our conclusion as to this instruction remains the same.

*By the Court.*—Judgment affirmed.